**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 28, 2013

Lyle W. Cayce
Clerk

No. 12-50767
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ANA FATIMA LOPEZ-RUIZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:11-CR-501-1

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Ana Fatima Lopez-Ruiz (Lopez) appeals the sentence imposed following her guilty plea conviction for possession of 50 grams or more of a mixture or substance containing methamphetamine with intent to distribute. Lopez argues that her sentence is substantively unreasonable. She asserts that the drug Guideline under which she was sentenced is not empirically based and results in guidelines sentence ranges that are greater than necessary even in mine-run cases. She maintains that she was not a danger to the community because she

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

had no criminal history, because first-time offenders have a low rate of recidivism, and because she had no history of violence.  Lopez contends that a lower sentence was necessary because she has four children, because she was struggling to make ends meet, and because her husband abused her and was involved with drugs.

In the district court, Lopez did not object to the substantive reasonableness of the sentence.  Lopez argues that such an objection is not required to preserve the substantive reasonableness of a sentence for review, but she acknowledges that this argument is foreclosed by circuit precedent and raises the issue to preserve it for further review.  Accordingly, we review the substantive reasonableness of the sentence for plain error only.  *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).  Under the plain error standard, Lopez must show a clear or obvious forfeited error that affected her substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If Lopez makes such a showing, we have discretion to correct the error but should do so only if the error seriously affects the fairness, integrity, or public reputation of the proceedings.  *See id.*

"[A] sentence within a properly calculated Guideline range is presumptively reasonable." *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).  The lack of an empirical basis for the Guideline under which Lopez was sentenced does not disturb the presumption of reasonableness.  *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009).  The fact that this court "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall v. United States*, 552 U.S. 38, 51 (2007).  The district court had before it both mitigating and aggravating factors. The district court balanced these factors, and it determined that a sentence at the bottom of the guidelines range was appropriate.  We conclude there is no reason to disturb the presumption of reasonableness in this case. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

No. 12-50767

Considering the totality of the circumstances, as we must, *see Gall*, 552 U.S. at 51, Lopez has not shown that the sentence was plainly erroneous. *See Rita v. United States*, 551 U.S. 338, 359-60 (2007); *United States v. Peltier*, 505 F.3d 389, 392-94 (5th Cir. 2007).

AFFIRMED.